ALMY SLACK *v.* JOSEPH H. COTTON and another.

A false answer, not verified, is a "sham answer," and may be stricken out on motion.

So, where several defences are set up in an answer, one or more of them, if false, may be stricken out as sham, and the others remain upon the record.

But the Code does not authorize the striking out of one or more allegations forming a part of a particular defence, when the effect may be to change the nature of such defence.

A motion to strike out an answer, or a part thereof, as sham, must include at least the whole of one particular defence, or it should be denied.

Where a defence is shown to be false by positive testimony, the affidavit of the defendant that he *believes* it to be true, is no answer to a motion to strike out the defence as sham.

THIS was an appeal from an order, made at special term under the Code, § 152, striking out parts of an answer as false or "sham."

The complaint was to recover $1,000, the amount mentioned in an undertaking given by these defendants to this plaintiff, pursuant to § 211 of the Code, in a former action of replevin or "claim and delivery," brought by the plaintiff against Thomas Carnley, sheriff of the county of New York. The undertaking was given, to obtain the re-delivery to Carnley, of property which he had levied upon under an execution, and which was taken from him in that action. It was conditioned for the payment of such judgment as might be recovered against the defendant in replevin.

Slack *v.* Cotton.

The complaint having set forth the undertaking in words, alleged the recovery of judgment against Carnley, a demand from these defendants of payment, &c.

The answer was, in substance, as follows:

1. Denied the execution and delivery of the undertaking.

2. *Alleged that the judgment against Carnley is good and collectible out of his property, situate in the city of New York; that it is in the plaintiff's power to collect it by issuing execution against such property;* but " that the said defendant, by some fraudulent agreement or understanding with Carnley, or with some one in his behalf, and contrary to right, justice and equity, is, by this action, endeavoring to collect the said sum of $1,000 from the defendants, as the sureties of said Carnley, instead of collecting the same from him."

3. That this action is carried on by the plaintiff for the benefit of Carnley, who is the real and only party in interest.

4. *That the plaintiff has no good or sufficient cause of action against the defendants, until an execution has been issued against their principal, Carnley, and returned unsatisfied.*

5. That the plaintiff has voluntarily given day and time of payment to Carnley, and has, by agreement with him, delayed collecting the money from him, and thereby discharged the defendants.

6. *That the complaint does not state facts sufficient to constitute a cause of action.*

The pleadings were not verified.

The plaintiffs moved to strike out all the answer, except those parts which, in substance, are above printed in *Italics*. The order at special term was to that effect. The motion was founded upon the original undertaking, certified by a commissioner of deeds, before whom it had been acknowledged; and upon three affidavits, one by Carnley, one by the plaintiff, and the third by an attorney in the cause. The defendants produced an affidavit made upon belief only.

*E. W.* and *F. G. Chester,* for the defendants.

*Clarkson N. Potter*, for the plaintiff.

BY THE COURT. INGRAHAM, FIRST J.—Without reviewing the cases, I think it sufficient to say, that it is now conceded by the majority of the courts, that the old practice of striking out pleas as false, (Graham's Practice, p. 250,) is applicable to an answer under the Code, where such answer is not verified. The defendant may verify his answer if he please. If he does not, and if, when his pleading is attacked on the ground of falsity, he will not sustain it by an affidavit of its truth, it should not be left upon the record. If false, it is a sham defence. I am at a loss to see how there can be any doubt as to the propriety of calling an answer, which is shown to be false, and which the defendant will not, in any manner, verify, a sham answer. It has no foundation; it was not put in in good faith, but is evidently intended to embarrass the action and cause delay.

The defendant, on this appeal, objects that the Code does not allow part of an answer to be stricken out as false. The words are, sham answers and defences may be stricken out on motion. Any defence set up in the answer may thus be stricken out, and the residue of the answer stand.

The part of the answer first stricken out was as to the execution of the undertaking. The original was produced, acknowledged, and could be read in evidence without proof. The defendant did not deny it by any affidavit, and, as set up in the answer, it constituted a separate defence.

The same remarks apply to the 3d and 5th subdivisions of the answer. Both were separate defences, shown to be false by affidavits on the part of the plaintiff, and not in any wise sustained even by the defendant's affidavit of his belief of their truth.

The portion stricken out in the second subdivision, is not, by itself, a defence, but one of the allegations required by the defendant to make out the defence he there intends to set up. I do not understand the Code as allowing such a practice. The court may strike out the whole answer as

sham. So, also, any separate defence may be stricken out as sham. But it is not allowed to take up one defence, and strike out of it one or more allegations as false, leaving the residue, and by such a course entirely changing the defence. If the plaintiff cannot move to strike out the whole defence as sham, he surely ought not to be allowed to change its nature by striking out parts of it, and leaving the residue on the record. Such would be the case in this part of the answer. It sets up the ability of the principal to pay the debt on an execution, and that this action was brought by a fraudulent agreement between the plaintiff and principal to get the money out of the sureties. To strike out the latter part would leave on the record, as an answer, the allegation that the principal was able to pay the debt. This would be insufficient, and might be demurred to as amended, and yet, in its original state, might be a good defence. The motion should have been to strike out the whole defence; and as it was not so made, I think this portion was erroneously stricken out.

The order appealed from should be so modified as to deny that part of the motion which asks to strike out a part of the paragraph on the second folio, and affirmed as to the residue, without costs to either party on this appeal.

Ordered accordingly.